**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-02112-REB

CHRISTIE N. KING,

     Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

     Defendant.

---

**ORDER GRANTING IN PART PLAINTIFF-APPELLANT'S APPLICATION FOR
AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

---

**Blackburn, J.**

     The matter before me is **Plaintiff-Appellant's Application for Attorney Fees
Under the Equal Access to Justice Act** [#18][1] filed November 17, 2010.  I grant the
motion in part and deny it in part.

     In this case, plaintiff appealed the Commissioner's decision on several grounds.
I found that the ALJ's reasons for discrediting the mental residual functional capacity
assessment prepared by Andreas Brueggler, a physician's assistant who regularly
treated plaintiff, were insupportable.  I therefore reversed the disability determination
and remanded to the Commissioner for further proceedings.

     Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act
("EAJA"), which provides, in relevant part:

---

[1]   "[#18]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

> a court shall award to a prevailing party other than the
> United States fees and other expenses . . . incurred by that
> party in any civil action. . ., including proceedings for judicial
> review of agency action, brought by or against the United
> States in any court having jurisdiction of that action, unless
> the court finds that the position of the United States was
> substantially justified or that special circumstances make an
> award unjust.

28 U.S.C. § 2412(d)(1)(A).[2]  As interpreted by the Supreme Court, "substantially

justified" means "'justified in substance or in the main' – that is, justified to a degree that

could satisfy a reasonable person."  **Pierce v. Underwood**, 487 U.S. 552, 565, 108

S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).  Stated differently, the test is whether there

is a "reasonable basis in both law and fact" for the Commissioner's position.  **Id**., 108

S.Ct. at 2550; **Gilbert v. Shalala**, 45 F.3d 1391, 1394 (10th Cir.), **cert. denied**, 116

S.Ct. 49 (1995).  Although the term "'substantially justified' means, of course, more than

merely undeserving of sanctions for frivolousness," **Pierce**, 108 S.Ct. at 2550, "a

position can be justified even though it is not correct, and we believe it can be

substantially (i.e., for the most part) justified if a reasonable person could think it correct,

that is, if it has a reasonable basis in law and fact," **id**. at 2550 n.2.  For this reason, a

finding that the Commissioner's position was not supported by substantial evidence

does not necessarily lead to a finding that the Commissioner's position was not

substantially justified.  **Hadden v. Bowen**, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

The Commissioner bears the burden of demonstrating that its position was

substantially justified.  **Gilbert**, 45 F.3d at 1394.  I have discretion in determining

---

[2]  The parties appear to agree that plaintiff is a prevailing party for purposes of the EAJA.  **See
Shalala v. Schaefer**, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who
secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

whether this standard has been met.  *Pierce*, 108 S.Ct. at 2548-49; *Stephenson v. Shalala*, 846 F.Supp. 49, 50 (D. Kan. 1994).  In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990).  "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action."  *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996).

Although the Commissioner sets forth these legal precepts in his brief, he nevertheless fails to carry his burden of demonstrating that his position "during the entirety of the civil action" was substantially justified.  Rather, he has limited his arguments to the narrow issue on which remand was granted.  Moreover, he has done little more than simply state as a positive assertion that the ALJ's decision to discredit Brueggler's opinion was reasonable, a conclusion that should have been clearly belied by my discussion of the issue in my order remanding this case.  The Commissioner, therefore, has failed to meet his burden of proof on the issue of substantial justification.  Accordingly, plaintiff is entitled to an award of attorney fees.

Plaintiff requests attorney fees in the amount of $6,361.00.[3]  The Commissioner presents no argument suggesting that the hourly rate requested by plaintiff's counsel or

---

[3]   In her reply, plaintiff also seeks an addition $520.50 attributable to defending the instant motion. Although plaintiff suggested that she might seek additional fees in her opening brief if the Commissioner opposed the motion, she did not quantify the amount of fees sought.  Since the motion was opposed, plaintiff clearly could have anticipated that the Commissioner's opposition to her request.  I, therefore, find no valid basis for her failure to include these amounts in her original motion and deny her belated request for these fees.  *See Jackson v. Potter*, 587 F.Supp.2d 1179, 1183 n.3 (D. Colo. 2008) (matters raised for first time in reply brief will not be considered).  *See also* **D.C.COLO.LCivR** 7.1C. ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper.").

the total amount of time expended or fees requested are excessive or otherwise

unreasonable.  Moreover, my own experience suggests that the fees requested are

comparable to awards made under the EAJA in similar cases.  Plaintiff, therefore, is

entitled to the entirety of her requested fees.

Finally, plaintiff has assigned her right to fees to her attorney, as contemplated by

her contingent fee agreement.  (**See Motion** App., Exh. 4 ¶ 4 at 1-2 [#18-4],filed

November 17, 2010.)  The Tenth Circuit has held that the plain language, structure, and

history of the EAJA preclude an award of fees to anyone other than the prevailing party

herself.  **Manning v. Astrue**, 510 F.3d 1246, 1249-55 (10th Cir. 2007), **cert. denied**,

129 S.Ct. 486 (2008).  This precedent is binding on this court, and, thus, regardless

what arrangements may have been made in other cases in which plaintiff's attorney has

been involved, I cannot direct that the fee award be paid directly to plaintiff's attorney.

**THEREFORE, IT IS ORDERED** that **Plaintiff-Appellant's Application for**

**Attorney Fees Under the Equal Access to Justice Act** [#18], filed November 17,

2010, is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.  That the motion is **GRANTED** insofar as it requests attorney fees attributable

to this appeal, and plaintiff is **AWARDED** $6,361.00 in attorney fees pursuant to the

Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A); and

2.  That in all other respects, including plaintiff's request to have the fee award

paid directly to her attorney, the motion is **DENIED**.

Dated December 20, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge